UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-412-MOC-DSC

| | |
|---|---|
| **MONTI ANTONIO S.P.A.,** | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **SUBLITECH, INC., D/B/A SUBLITECH AMERICAS, INC.,** | ) |
| **JOHN E. CARROLL,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Injunction. (Doc. No. 2). This Court conducted a hearing on the motion on September 25, 2019. Having considered the Motion, the Court enters the following Order.

### I. BACKGROUND

Plaintiff Monti Antonio S.p.A. ("Monti" or "Plaintiff") is an Italian manufacturer of market-leading machinery used in the textile industry. Plaintiff is the exclusive owner of the MONTI ANTONIO® trademark. (Doc. No. 1 at ¶ 64 & Ex. E). The mark is valid and incontestable. (Id. at ¶¶ 64-65). For decades, Plaintiff has used the mark to market its industrial machines. (Id. at ¶ 63). Plaintiff terminated its agency relationship with Defendants in April 2019 and demanded that Defendants discontinue holding themselves out as Plaintiff's agent in the United States. See (Doc. No. 1, Ex. 1: Decl. of Theodore J. Folkman and April 2019 Demand Letter); see also (Doc. No. 1 at ¶¶ 8, 57). Plaintiff alleges that Defendants have refused to stop holding themselves out as Plaintiff's agent and refused to cease their infringing activities.

See (Doc. No. 1 at ¶¶ 2-4: Ex. 1; see, e.g., Doc. No. 1 at ¶¶ 58-62 and 70 and Exs. C & D). Plaintiff alleges that Plaintiff's reputation and business interests in the United States are at grave risk because Defendants are continuing to use the MONTI ANTONIO® trademark and holding themselves out as Plaintiff's agent, thus creating the risk that they will continue to damage Plaintiff's relationships with its customers and cause confusion among Plaintiff's customers.

Plaintiff alleges that Plaintiff's counsel sent a demand letter instructing Defendants inter alia to "cease all use of the Monti Antonio trademarks or other intellectual property…" and to "cease holding yourself out as an agent, distributor, or representative of Monti Antonio." Plaintiff alleges that Defendants have continued to hold themselves out as Plaintiff's authorized agent, and they continue to operate a website in which they infringe on the MONTI ANTONIO® mark. Defendants did not respond to the demand letter, which also requests an accounting and demands that they preserve evidence.

Plaintiff filed this action on August 22, 2019, and served Defendants with the Complaint on August 28, 2019. In this action, Plaintiff brings claims against Defendants for breach of contract, breach of fiduciary duties, violation of the North Carolina Unfair and Deceptive Trade Practices Act, violations of the Lanham Act, and conversion. Defendants' Answer was due on September 18, 2019, but Defendants did not respond, nor have they otherwise appeared to defend this lawsuit.

Plaintiff filed the pending motion for preliminary injunction along with the Complaint. In the motion for preliminary injunction, Plaintiff asks this Court for a preliminary injunction ordering Defendants: (1) to immediately to remove all references to Plaintiff's products from their website; (2) to cease any further use of the MONTI ANTONIO® mark; and (3) to stop holding

themselves out as Plaintiff's agent.  Defendants have not responded to the motion.  The Court held a hearing on the preliminary injunction motion on September 25, 2019.  Defendants did not appear at the hearing; thus, the motion is unopposed.

## II. DISCUSSION

Plaintiff must make four clear showings to obtain a preliminary injunction: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in its favor; and (4) the injunction is in the public interest."  See Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship, 918 F.3d 353, 366 (4th Cir. 2019) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (internal citations omitted)); see also Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (applying a four-factor test based on the holding in Winter).  Plaintiff has made all four showings.

First, Plaintiff is highly likely to succeed on the merits.  The elements of trademark infringement are ownership of the mark, use of the mark in commerce and without authorization, defendant's use of the mark in connection with advertising goods or services, and likely confusion.  See Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 152 (4th Cir. 2012).  The Verified Complaint shows that Plaintiff owns the mark, that the mark is valid, and that Defendants are using the trademark without permission.

Second, Plaintiff has shown that it is likely to suffer irreparable harm without the preliminary injunction.  Here, Plaintiff has alleged that Defendants continue to operate a website in which they infringe on Plaintiff's trademark and continue to advertise that they are Plaintiff's authorized agents.  Plaintiff has also shown that Defendants' actions will continue to cause

confusion as to the ownership of the trademark and whether they are authorized to sell products on Plaintiff's behalf. Thus, having established ownership of a mark, infringing conduct, and consumer confusion, the second factor, irreparable harm is satisfied.

Third, the balance of equities tips in Plaintiff's favor. Plaintiff has shown that Defendants are infringing on a trademark they do not own and are not authorized to act as Plaintiff's agent. Thus, Defendants will not suffer any harm if they are ordered to discontinue use of the MONTI ANTONIO® mark on their website and ordered to discontinue holding themselves out Plaintiff's commercial agent.

Fourth, the injunction is in the public interest because there "is a strong public interest in preventing trademark infringement." Rebel Debutante LLC v. Forsythe Cosmetic Grp., Ltd., 799 F. Supp. 2d 558, 581 (M.D.N.C. 2011). "Indeed, the purpose of a trademark is to protect the public from confusion about the identity of the enterprise from which goods and services are purchased." See id. (granting motion for preliminary injunction regarding use of a mark that infringed on the plaintiff's trademark) (internal quotations omitted) (citing AMP Inc. v. Foy, 540 F.2d 1181, 1185-86 (4th Cir. 1976)). Because the public interest favors preventing consumer confusion and protecting registered marks, the public interest factor weighs in Plaintiff's favor as well.

In sum, the Court finds that the four relevant factors favor a grant of Plaintiff's motion for preliminary injunction. As such, the Court will grant the motion as directed below.

### III. DISCUSSION

For the reasons stated herein, Plaintiff's motion for preliminary injunction is granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Preliminary Injunction, (Doc. No. 2), is **GRANTED**.

Defendants are **HEREBY ORDERED** to:

1. Immediately remove all references to Monti's products from their website;

2. Stop using the MONTI ANTONIO® mark in any way;

3. Stop holding themselves out as Monti's agent in the United States.

**IT IS SO ORDERED.**

Signed: September 26, 2019

Max O. Cogburn Jr.
United States District Judge