# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| MONTI ANTONIO S.P.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. A. No. 3:19-cv-412 |
| | : | |
| SUBLITECH, INC. | : | |
| d/b/a SUBLITECH AMERICAS, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT

Plaintiff Monti Antonio S.P.A. submits the following Memorandum of Law in Support of its Motion for Default Judgment against Defendants, jointly and severally, in the amount of $500,751.65, with prejudgment interest from August 22, 2019, and costs.

## PRELIMINARY STATEMENT

The defendants, John Carroll and Sublitech, Inc. ("the Defendants"), acting as commercial agent for the plaintiff, Monti Antonio S.p.A. ("Monti Antonio"), took deposits and payments from customers who thought they were buying one of Monti Antonio's industry-leading textile machines. They kept the money for themselves and did not transmit the orders to Monti Antonio. When Monti Antonio discovered the scheme, it terminated the agency contract; but the Defendants continued to hold themselves out as Monti Antonio's representative in the United States, risking irreparable harm to the valuable Monti Antonio brand. Monti Antonio sued for breach of contract, conversion, breach of fiduciary duty, trademark infringement, and other claims.

The Defendants simply failed to appear or defend. They have not answered the complaint, filed an appearance, or taken any other steps in this lawsuit. The Court has already entered their default, and it should now enter a default judgment. Because the amount of the judgment is for a sum that can be made certain by easy computation, Monti Antonio requests that the Clerk enter the default judgment under Fed. R. Civ. P. 55(b)(1), or in the alternative, that the Court enter the judgment under Fed. R. Civ. P. 55(b)(2).

<u>BACKGROUND</u>

Monti Antonio is a family-owned business in northern Italy that manufactures and sells commercial-grade laminating, printing, finishing, and related equipment for use in the textile industry around the world. (Ver. Compl. ¶ 2). It has been in business for more than sixty years, and its products and services are well-known and lead the industry. (Id. ¶ 3).

Monti Antonio sells its products in the United States using a "commercial agent." (Id. ¶ 4). From 2006 to 2019, the defendant, John Carroll, was Monti Antonio's US commercial agent. (Id. ¶ 5). He acted on Monti Antonio's behalf individually and through Sublitech, Inc., a corporation that he controlled and that was his alter ego. (Id.). The parties had an oral agency agreement under which Carroll or Sublitech would meet with Monti Antonio's customers and potential customers and send information about their needs to Monti Antonio. Monti Antonio would then create a written offer and send it to Carroll, who would use it to negotiate a price with the customer. Then Carroll would transmit the results of the negotiation to Monti Antonio, which would make a final decision about whether to enter into the transaction. (Id. ¶ 23). In other words, Carroll and Sublitech were not authorized to make contracts for Monti Antonio, but rather, only to transmit offers to Monti Antonio for approval. (Id. ¶ 24). Carroll and Sublitech provided shipping and other services to customers for their own account and at a price negotiated directly between them and

the customer. (Id. ¶ 26). But they were not permitted to deliver a Monti Antonio product to a customer until after the customer had paid in full. (Id. ¶ 25).

As outlined in detail in the Verified Complaint and in the declaration of Vincenzo Monti, Monti Antonio's chief executive officer, in 2018, Monti Antonio discovered that the Defendants had received payments from Monti Antonio customers and had deposited the funds in their own accounts but had not transmitted the offers or the funds to Monti Antonio. (E.g., Ver. Compl. ¶¶ 42-48). When confronted, Carroll admitted his wrongdoing (Id. ¶ 52). But in the end, he refused to refund the money to customers and refused to send it to Monti. (Id. ¶ 54). This led to lost profits and reputational damage. (Id. ¶¶ 54-55).

The damages, including wrongful transactions discovered after the filing of the Verified Complaint, amount to €507,975.12 (Monti Decl. ¶ 10). This amount is made up of amounts that the Defendants invoiced to Monti Antonio customers, less the amount they remitted to Monti Antonio. (Id.). After the filing of the Verified Complaint, Monti Antonio was able to mitigate its damages in part by selling two Monti Antonio machines that the Defendants had been keeping in a warehouse for €56,400, which was below market value. (Monti Decl. ¶ 13-14). This reduced the loss to €451,575.12, which was $500,751.65 using the exchange rate as of the date of the Verified Compliant. (Monti Decl. ¶ 15).[1]

---

[1] The calculations given here convert from euros to dollars as of the date of the filing of the action. The general rule is that the date of the judgment should be used. *See* Restatement (Second) of Conflict of Laws § 144. The date of the breach is also sometimes used, although the precise dates of the breaches here are unknown and in any case the Defendants breached their duties several times. But in the absence of guiding case law in North Carolina, Monti Antoni respectfully suggests that it is appropriate to use the date of the complaint as the date for converting currencies. *Cf. Schnitz-Werke GmbH v. Rockland Indus., Inc.*, 37 Fed. App'x 687, 693 (4th Cir. 2002) (using the date of the breach rather than the date of the award in the absence of any clear rule of state law). The exchange rate as of May 15, 2020 is 1.08196 dollar to the euro, *see* https://www.xe.com/currencyconverter/convert/?Amount=1&From=EUR&To=USD, and if the Court used that rate instead, the amount of the judgment would be $488,588.07.

ARGUMENT

A plaintiff may seek entry of default judgment by the clerk under Rule 55(b)(1), or by the Court under Rule 55(b)(2)—or both. "Entry of default judgment [by the clerk] pursuant to Rule 55(b)(1) is proper…when two conditions are satisfied: (1) the defendant has failed to appear; and (2) the claim is for a sum certain.." *United States v. Smith,* 212 F.R.D. 480, 481 (M.D.N.C. 2002). Here both conditions are satisfied, as shown above.

In the alternative, the Court should enter the judgment under Rule 55(b)(2). The Court may rely on the declaration and the documentary evidence attached to it. *See CFTC v. PMC Strategy, LLC,* 903 F. Supp. 2d 368, 375-76 (W.D.N.C. 2012) (entering default judgment without an evidentiary hearing in a complex case involving violations of the Commodity Exchange Act).

Monti Antonio has voluntarily dismissed without prejudice two of the claims that might complicate the analysis, namely, its claim for multiple damages under the Unfair and Deceptive Trade Practices Act (Count 6) and its claim for trademark infringement and dilution (Counts 7-9). Thus, Monti Antonio has also abandoned its demand for a permanent injunction. It seeks only entry of a judgment for the principal amount of its damages, which is readily calculable, plus prejudgment interest from the date of the commencement of the action and costs.

CONCLUSION

For these reasons, the Clerk, or in the alternative the Court, should enter a default judgment against the defendants, jointly and severally, in the amount of $500,751.65, with prejudgment interest from August 22, 2019, and costs.

Dated: May 18, 2020                    Respectfully submitted,


                                       /s/ Abbey M. Krysak
                                       Theodore J. Folkman
                                       (*Admitted Pro Hac Vice*)
                                       **FOLKMAN LLC**
                                       53 State Street, Suite 500
                                       Boston, MA 02109
                                       617-219-9664
                                       ted@folkman.law
                                       *Counsel for Plaintiff*

                                       Bo Caudill (NC Bar No. 45104)
                                       Abbey M. Krysak (NC Bar No. 46281)
                                       **Weaver Bennett & Bland, P.A.**
                                       196 N. Trade Street
                                       Matthews, NC 28105
                                       704-844-1400 – Telephone
                                       704-845-1503 – Facsimile
                                       bcaudill@wbbatty.com
                                       *Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 18th day of May, 2020, I caused a copy of the foregoing to be e-filed and served via the Court's electronic filing system to all parties and counsel receiving electronic service, and served the foregoing via first class mail on the following:

Sublitech, Inc., d/b/a Sublitech Americas, Inc.
C/O John E. Carroll, President
530 Thomaston Street
Barnesville, GA 30204
*Defendant*

John E. Carroll
530 Thomaston Street
Barnesville, GA 30204
*Defendant*

                             /s/ Abbey M. Krysak
                             Abbey M. Krysak